WILLIAM CURTIS *vs.* PATRICK GALVIN & another.

A tenant at will, after the determination of his tenancy by a conveyance from the owner of the premises, cannot maintain an action of tort, for breaking and entering his close, against the purchaser for entering, and removing his furniture and ejecting his family therefrom, nor can he inquire into the consideration of the deed of conveyance.

TORT for entering the plaintiff's dwelling-house, and removing his furniture and ejecting his family therefrom. The defendants proved, in justification, that the defendant Galvin, being the owner of the premises, conveyed them by deed to the other defendant Carney, and that, eight days before the acts complained of, Carney informed the plaintiff thereof, and gave him notice to quit. At the trial in the superior court *Rockwell,* J directed a nonsuit, and the plaintiff alleged exceptions. The facts appear more fully in the opinion.

*B. F. Butler & W. P. Webster,* for the plaintiff.

*A. V. Lynde,* for the defendants.

BIGELOW, C. J. It appears by the testimony of the plaintiff that, in October 1858, prior to the alleged trespass, the premises from which he was ejected belonged to Galvin. Inasmuch as he offered no evidence of any right to their occupation created by an instrument in writing, he could have no greater title or interest therein than an estate at will. Rev. Sts. *c.* 59, § 29. On the facts stated in the exceptions, this is the most favorable view which can be taken of his right to the possession and enjoyment of the premises, prior to the conveyance to the defendant Carney. But, on a familiar and well settled rule of law, this tenancy at will was determined, and the plaintiff became a tenant by sufferance only, by the conveyance from Galvin to Carney, the other defendant, on the 9th of said October. *Howard* v. *Merriam,* 5 Cush. 563, 574. *McFarland* v. *Chase,* 7 Gray, 462.

The evidence offered by the plaintiff to impeach this conveyance, and to show that it was colorable, and was in fact made for the purpose of enabling the said Galvin to eject the plaintiff

from the premises, was rightly rejected. The deed was a valid one as between the parties. It passed the title to the premises. The grantor had no power to compel the grantee to surrender the estate conveyed to him. It violated the legal rights of no person. It is true that a creditor of the grantor, who could show that he was thereby hindered, delayed and defrauded of the collection of his debt, or a subsequent purchaser without notice, who could prove that the deed was made with intent to defraud him, might impeach the conveyance, and set it aside on the well settled principles of the common law as declared in *Sts.* 13 Eliz. *c.* 5, § 2, and 27 Eliz. *c.* 4, § 2. But in such case the deed is valid between the parties ; and, with this exception, we know of no rule of law which restrains the owner in fee from the free and unfettered alienation of his estate. It is only an exercise of a legal right, which works no injury to any one, least of all to a person who holds under the grantor. He took his estate or interest in the premises subject to all the legal rights of the owner therein, and must be presumed to have known them, and to have assented thereto. To him, therefore, the maxim *volenti non fit injuria* is applicable. The determination of an estate at will, by an alienation by the owner of the reversion, is one of the legal incidents of such an estate, to which the right of the lessee therein is subject, and by which it may be as effectually terminated as by a notice to quit given according to the requisitions of the statute. Indeed it is difficult to see upon what ground a deed can be held void, as being colorable or fraudulent, which is made in the exercise of a legal right, and which has no effect on the rights of a third party, who seeks to set it aside, other than that which was necessarily incident to the estate which he held in the premises. The *dictum* of the court in *Howard* v. *Merriam, ubi supra,* cited by the counsel for the plaintiff, was not essential to the decision of that case, and cannot be supported on principle or authority.

It follows that, after the conveyance of the demised premises, the plaintiff became tenant by sufferance only, and could not maintain this action of tort in the nature of trespass *quare*

*clausum* against the defendant Carney, who was the grantee in the deed ; nor against the other defendant, who acted under his authority in attempting to eject the plaintiff from the premises. At the time of action brought, it was not the plaintiff's close. A tenant by sufferance holds possession wrongfully.    Co. Litt. 57 b, 271 a.   The defendants had a full right of entry.   *Meader* v. *Stone*, 7 Met. 147.                        *Exceptions overruled.*